UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVI COLEMAN, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2937** |
| **H.C. PRICE CO., ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to remand filed on behalf of plaintiffs, Levi Coleman, Sr., *et al.*  Defendants, Exxon Mobil Corporation ("Exxon") and The Superior Oil Company ("Superior"), have filed an opposition.[2]  For the following reasons, the motion to remand is **DENIED**.

### *BACKGROUND*

On April 11, 2006, the family of Levi Coleman, Sr. commenced this wrongful death action in Orleans Parish Civil District Court.[3]  Coleman alleges that he was employed as a pipe cleaning machine operator, laborer, crane operator, and welder and that his job duties entailed, among other things, cleaning, handling, and inspecting used oilfield tubing and equipment.[4] Plaintiffs allege that Coleman was continually exposed to hazardous materials while performing his duties, particularly substances known as technologically enhanced naturally occurring radioactive materials ("TENORM").[5]  Plaintiffs claim that Coleman's repeated exposure to

---

[1] R. Doc. No. 24.

[2] R. Doc. No. 40.

[3] . Doc. No. 1-1.

[4] R. Doc. No. 1-1, ¶ VI, 1.

[5] *Id.* at ¶¶ VI, 6-7.

1

TENORM led to the development of the cancer and other diseases that resulted in his death.[6] Plaintiffs seek damages from various defendants, including pipe yards, contractors, and oil companies.[7]

The case has been pending for more than five and a half years and, during that time, plaintiffs' investigation has revealed that other workers were potentially exposed to TENORM while working in Louisiana pipe yards and oilfields.[8] Plaintiffs amended their petition seven times to include the claims of other individuals alleging occupational exposure to used oilfield equipment.[9]

On November 3, 2011, plaintiffs filed their seventh amended petition for damages, which brought the total number of plaintiffs in this action to 102 individuals.[10] Of the sixteen named defendants, fourteen are foreign corporations or partnerships.[11] Only two defendants, Packard Pipe Terminals, Inc. ("Packard"), a pipe yard defendant, and OFS, Inc. ("OFS"), a contractor defendant, are Louisiana corporations.[12]

On November 29, 2011, at 10:43 a.m., Exxon and Superior removed the case pursuant to the "mass action" provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11).[13] Defendants grounded removal on the fact that the seventh amended petition for

---

[6] *Id.* at ¶¶ VI, 7-9.

[7] *Id.* at II, III, IV, VI, VII, VIII.

[8] R. Doc. No. 24-1, p. 2.

[9] R. Doc. No. 1, ¶¶ 2-7.

[10] *Id.* at ¶ 7.

[11] R. Doc. No. 1-1, II, III, IV; R. Doc. No. 1-11, pp. 4-5.

[12] *Id.*

[13] R. Doc. No. 1.

damages named more than 100 plaintiffs as required to invoke federal jurisdiction under CAFA.[14]

At 5:47 p.m. on the same day that defendants filed their notice of removal, plaintiffs voluntarily dismissed the claims of Jeanette Buras, Nicole Buras, Dominic Buras, Jr., Chad Buras, Daisy Buras, Randy Buras, Paul Buras, and Matthew Buras pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[15] Plaintiffs now contend that this action must be remanded because the matter no longer involves the claims of 100 or more plaintiffs.[16] Plaintiffs also argue that one plaintiff died before the matter was removed and several motions to dismiss were pending at the time of removal that raise disputed issues of fact that must be resolved in favor of remand.[17] Plaintiffs further argue that this Court should exercise its discretionary authority to remand the case in the interest of justice pursuant to 28 U.S.C. § 1332(d)(3).[18]

## STANDARD OF LAW

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). When challenged by a plaintiff seeking remand, the removing party bears the burden of showing that federal jurisdiction exists pursuant to CAFA. *See Phillips v. Severn Trent Envtl. Servs., Inc.*, No. 07-3889, 2007 WL 2757131, at *1 (E.D. La. Sept. 19, 2007) (Feldman, J.). However, the moving party on a motion to remand bears the burden of establishing the applicability of any exceptions to CAFA jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3)-(5). *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir.

---

[14] R. Doc. No. 1-1, ¶ 10.

[15] R. Doc. No. 4.

[16] R. Doc. No. 24.

[17] *Id.*; R. Doc. No. 53.

[18] R. Doc. No. 24; R. Doc. No. 53.

2006). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## *DISCUSSION*

### I. The Class Action Fairness Act

Mass actions are removable under CAFA pursuant to 28 U.S.C. § 1332(d)(11). "[T]he term 'mass action' means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). A "mass action" must satisfy the following three threshold jurisdictional requirements: (1) the aggregate value of the claims exceeds $5,000,000.00; (2) there are at least 100 class members; and (3) there is minimal diversity, that is, where at least one plaintiff and one defendant are from different states. 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1332(d)(2). However, jurisdiction exists only over those plaintiffs who seek recovery in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(i). "Defendants bear the burden of establishing Plaintiffs seek to join the claims of 100 or more persons." *Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. 08-132, 2008 WL 8148619, at *4 (W.D. Tex. Aug. 8, 2008) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207-08 (11th Cir. 2007)).

Plaintiffs do not dispute that minimal diversity exists, that the total amount in controversy exceeds $5,000,000, exclusive of interests and costs, that they seek recovery individually in an amount that exceeds $75,000, and that their claims are proposed to be tried jointly on the ground that they involve common questions of law or fact. As defendants observe, minimal diversity is apparent on the face of plaintiffs' complaint based on the fact that at least some plaintiffs claim to be residents of Louisiana and some defendants are alleged to be foreign defendants. The

numerous claims for compensatory and punitive damages asserted in this matter "makes it 'facially apparent' that at least $5 million is in controversy, in the aggregate," and $75,000 per plaintiff.  *See Frazier*, 455 F.3d at 545.  The claims asserted in this matter are also clearly proposed to be tried jointly on the ground that they involve common questions of law or fact.  The claims were filed together in a single case alleging one set of facts and one set of legal claims for all plaintiffs collectively.

Plaintiffs instead argue that the numerosity requirement for CAFA jurisdiction is not satisfied.  Although plaintiffs argue that their post-removal dismissal of eight individuals, and the pre-removal death of one individual, brought the number of plaintiffs below the 100-plaintiff jurisdictional threshold, federal jurisdiction is determined based on "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  *See also Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006) ("[I]t is the 'action,' not claims against particular defendants, that is removable, so the subsequent dismissal of the removing defendant cannot render the entire lawsuit improperly removed.").

This action involved the claims of 102 plaintiffs at the time of removal and, as such, it satisfied the numerosity requirement for the exercise of CAFA jurisdiction.  Plaintiffs' post-removal dismissal of eight plaintiffs did not divest this Court of subject-matter jurisdiction and the pre-removal death of a single plaintiff, by itself, would not bring the number of plaintiffs below the jurisdictional threshold.  *See Altoum v. Airbus S.A.S.*, No. 10-467, 2010 WL 3700819, at *2-*4 (N.D. Ill. Sept. 9, 2010) (denying motion to remand where plaintiffs sought voluntary dismissal of twenty individuals post-removal in order to bring the number of plaintiffs below the 100-plaintiff threshold).

Plaintiffs also argue that the motions to dismiss raise disputed issues of fact that must be resolved in favor of remand. However, the cases upon which plaintiffs rely in support of their argument are inapposite and stand only for the general proposition that any ambiguities regarding whether removal is proper should be construed in favor of remand. *See Thomas v. Am. Nat'l Prop. Ins. Co.*, No. 11-1085, 2011 WL 2945790, at *2 (E.D. La. July 19, 2011) (Berrigan, J.) (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 2007 WL 162813, at *1 (E.D. La. Jan. 18, 2007) (Africk, J.) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996)); *Manguno*, 276 F.3d at 723 (citing *Acuna*, 200 F.3d at 339).[19] Because there is no ambiguity that plaintiffs asserted monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that they involve common questions of law or fact, defendants properly removed this matter under the mass action provision of CAFA.

## II. Discretionary Authority to Remand under the Class Action Fairness Act

Plaintiffs also argue that this Court should exercise its discretion to remand this action to state court in the interest of justice. The discretionary exception to CAFA jurisdiction provides as follows:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of--
>
> **(A)** whether the claims asserted involve matters of national or

---

[19] To the extent that plaintiffs rely on authorities applying the standard for establishing improper joinder, the Court notes that the doctrine of improper joinder rests on statutory underpinnings prohibiting district courts from exercising jurisdiction when a party has been improperly or collusively joined to manufacture or defeat federal diversity jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc); 28 U.S.C. §§ 1359; 1441(b). Plaintiffs are not alleged in this instance to have improperly or collusively joined monetary relief claims of 100 or more persons in order to manufacture federal diversity jurisdiction.

6

>    interstate interest;
>
>    **(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
>    **(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
>    **(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
>    **(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
>    **(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3) (emphasis added). Plaintiffs bear the burden of proving that this Court should remand the action in the interest of justice pursuant to the discretionary exception to CAFA jurisdiction. *Frazier*, 455 F.3d at 546.

Defendants argue that the discretionary exception does not apply because the primary defendants—the fourteen foreign oil company defendants—are not citizens of Louisiana. CAFA does not define the term "primary defendant." In *Brook v. UnitedHealth Group, Inc.*, the U.S. District Court for the Southern District of New York noted that courts have applied incongruent definitions of the term "primary defendants" by looking, alternatively, to

>    (1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action.

7

*Brook*, No. 06-12954, 2007 WL 2827808, at *5 (S.D.N.Y. Sept. 27, 2007) (collecting cases). Although the Senate Judiciary Committee Report on CAFA endorses the view that the primary defendants are those who "would be expected to incur most of the loss if liability is found,"[20] this Court has noted that "at least two courts of appeals have cast doubt on the value of the [report] as an interpretive guide, since it was issued ten days after CAFA was signed into law." *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 370 (E.D. La. 2007) (Vance, J.) (citing *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)).

      Notwithstanding the various approaches adopted by the district courts, plaintiffs have not carried their burden of demonstrating that the fourteen foreign defendants are not "primary defendants" in this case. Plaintiffs allege that the foreign oil company defendants are responsible for knowingly providing hazardous radioactive materials to the pipe yard defendants. Even assuming that the list of primary defendants in this matter would include Packard, the Louisiana corporation that operates the pipe yard on which several plaintiffs allegedly worked, and OFS, a Louisiana corporation that was allegedly an employer and supervisor of pipe cleaning workers, plaintiffs have not demonstrated that the fourteen foreign defendants named in this lawsuit are not directly liable for their damages or that Packard and OFS have the greater liability exposure,

---

[20] The report provides as follows:

> For purposes of class actions that are subject to subsections 1332(d)(3) and (d)(5)(A), the Committee intends that "primary defendents" [sic] be interpreted to reach those defendants who are the real "targets" of the lawsuit–i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term "primary defendants" should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

S. Rep. No. 109-14, at 43 to 44 (2005).

are most able to satisfy a potential judgment, or are the subjects of a significant portion of the claims. As a result, plaintiffs have not demonstrated that the primary defendants in this case are citizens of the State in which the action was originally filed such that this Court should remand the matter to state court pursuant to the discretionary exception.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, April 2, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

9