UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVI COLEMAN, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2937** |
| **H.C. PRICE CO., ET AL.** | **SECTION "I" (3)** |

## ORDER

On March 21, 2012, Certain Defendants' Motion for More Definite Statement Pursuant to Rule 12(e) [Doc. #28] and the Motion for More Definite Statement Pursuant to Rule 12(e) [Doc. #37] came on for oral hearing before the undersigned. Present were John Fontenot on behalf of plaintiffs, Stanley Millan on behalf of Packard Pipe Terminals, Inc., Brett Chalke on behalf of BP Products North America, Inc. and Atlantic Richfield Company, Louis Grossman on behalf of Chevron U.S.A., Inc. and Union Oil Company of California, Valeria Sercovich on behalf of Exxon Mobil Corporation and Superior Oil Company and Mary Johnson on behalf of the Shell entities. After the oral hearing, the Court took the motions under advisement. Having reviewed the motions, the opposition, the case law and the parties' arguments, the Court rules as follows.[1]

**I.    Background**

---

[1] The District Court recently denied plaintiffs' motion to remand on April 3, 2012. [Doc. #67].

In this personal injury suit, plaintiffs purport to bring claims either on their own behalf, as Injured Workers, or on behalf of deceased victims, as Wrongful Death and Survivor Claimants. Plaintiffs have supplemented and amended their original Petition for Damages ("original Petition"), by filing a First Amended Petition for Damages ("First Petition"), a Second Amended Petition for Damages ("Second Petition"), a Third Amended Petition for Damages ("Third Petition"), a Fourth Amended Petition for Damages ("Fourth Petition"), a Fifth Amended Petition for Damages ("Fifth Petition"), a Sixth Amended Petition for Damages ("Sixth Petition"), and a Seventh Amended Petition for Damages ("Seventh Petition"). Plaintiffs allege that the Injured Worker Plaintiffs and the decedents were exposed to technologically-enhanced naturally occurring radioactive materials ("TENORM") (also known as NORM and/or TERM) "and other hazardous, toxic, and carcinogenic materials" in used oilfield tubing and equipment, and purport to assert claims against "Pipe Yard Defendants," "Contractor Defendants," and "Oil Company Defendants."

In the original Petition, the survivors of Levi Coleman, Sr. allege that Coleman contracted brain metastatic disease and colon cancer as a result of exposure to TENORM "and other hazardous, toxic, and carcinogenic materials" in used oil company tubing and equipment while employed by H.C. Price Company and Bredero Price Company from approximately 1970 to 2000 and by Packard Pipe Terminals, Inc. ("Packard") from approximately 2001 to 2004. Further, plaintiffs allege that the exposure was a cause and/or a substantial contributing factor in the development of Coleman's disease, thus entitling plaintiffs to wrongful death and survival damages, among others. Defendants filed exceptions to plaintiffs' original petition while in state court, which were heard on December 1, 2006. On February 26, 2007, the state court issued a written Judgment and Reasons for Judgment that maintained certain exceptions, denied others and granted plaintiffs leave of court to amend the

2

petition within 30 days to cure the deficiencies in the original petition, if able.  These deficiencies included vagueness as to negligence per se, open-ended allegations such as "failed to do what it should have done," "any other right or cause of action provided under Louisiana law," and "any other damages available under Louisiana law"; and no cause of action under the vicinage articles, under Article 2317 of the Louisiana Civil Code, as to breach of contract, as to breach of warranty, and as to negligence per se. Thereafter, plaintiffs filed their First and Second Petitions to correct certain deficiencies by deleting the phrases "failed to do what it should have done" and "any other right or cause of action provided under Louisiana law."

In response, defendants filed exceptions to plaintiffs' First Petition while in state court, which were heard on August 31, 2007.  On September 19, 2008, the state court issued a written Judgment that maintained certain of these exceptions, denied others and granted plaintiffs leave of court, again, to amend the petition within 30 days to attempt to cure the deficiencies in the original petition, if able.   Defendants contend that plaintiffs failed to cure these deficiencies with their Second through Seventh Amended Petitions.

Plaintiffs' Third Amended Petition added 18 new "Injured Worker Plaintiffs" and 19 new "Wrongful Death and Survival Plaintiffs" to the lawsuit.  Certain plaintiffs sought compensation for wrongful death and survival damages for the first time in this lawsuit.  The Third Petition contains no other factual allegations as to the newly-added plaintiffs.

Plaintiffs' Fourth Petition added seven new "Injured Worker Plaintiffs" and 29 new "Wrongful Death and Survival Plaintiffs" to this lawsuit.  Again, as in the Third Petition, certain plaintiffs sought compensation for wrongful death and survival damages for the first time in this lawsuit.  The Fourth Petition contained no other factual allegations as to these Plaintiffs.

Similarly, plaintiffs' Fifth Petition added four new "Wrongful Death and Survival Plaintiffs" asserting claims on behalf of one decedent, Charlie Muckleroy, who was a previously named Injured Worker Plaintiff. The survivors of Charlie Muckleroy allege that Muckleroy died on April 13, 2010 from "complications from liver and colon cancer" as a result of his occupational exposure to "TENORM and other hazardous, toxic, and carcinogenic materials." The Fifth Petition contained no other factual allegations as to these plaintiffs and/or the decedent.

Finally, plaintiffs' Seventh Petition added 22 new "Wrongful Death and Survival Plaintiffs" on behalf of certain decedents. In this amendment, plaintiffs provided the dates and alleged causes of death for the following decedents: Ricky A. Austin, Dominic Buras, Daniel Griffin, Andrew Jackson, Sr., James R. Kirby, Charles Lookhoff, and Bowsley Quebedeaux. However, the Seventh Petition contained no other factual allegations as to these decedents.

## II.     The Parties' Contentions

### A.     Certain Defendants

Defendants argue that plaintiffs' original Petition through their Seventh Amended Petitions fail to provide any time frames of the Injured Worker Plaintiffs' and decedents' alleged exposures, injuries, illnesses, or dates of diagnosis, except for Levi Coleman, Sr. Moreover, defendants contend that plaintiffs fail to identify all of the purported Injured Worker Plaintiffs' and fail to specify the majority of the decedents' injuries, illnesses, or diseases. Further, defendants note that plaintiffs do not provide dates of death for the following decedents: Earl Bradley, Sr.; Howard Wayne Pontiff; Pierre Miller, Sr.; Alcide Labove; Kenneth Soape, Sr.; John Smith, Sr.; Norberto Gregory; Herman Smith; Louis Thomas, Sr.; and Ruben Davis, Sr. Defendants assert that this lack of specificity in the petitions makes the crafting of a meaningful response to the allegations near impossible.

Defendants note that plaintiffs also fail to allege how each defendant allegedly contributed to the decedents' deaths.  Neither do plaintiffs identify the facilities where the purported Injured Worker Plaintiffs and the decedents worked.

Further, defendants argue that the petitions purport to assert a "cause of action" for "fraud and conspiracy," which implicates generalized allegations of fraud.  Referring to all "Oil Company Defendants" collectively, plaintiffs fail to provide specificity as to any one Oil Company Defendant's conduct. Plaintiffs' allegations fail to differentiate among the defendants, and no specific information regarding the time, place or contents of the allegedly fraudulent acts committed by each defendant or identity of the person(s) making the alleged misrepresentation(s) by each defendant is set forth. These generalized allegations are, defendants maintain, the epitome of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."

The petitions allegedly fail to provide defendants with the required adequate notice of plaintiffs' claims against them under Federal Rules of Civil Procedure 8(a) and 9(b).  First, the failure to provide the "who, what, where, when, why, and how" of the alleged Injured Worker Plaintiffs' and decedents' alleged exposures, related injuries and illnesses, dates of diagnosis, and the decedents' dates of death prevents defendants from ascertaining the scope of the claims levied against them and sufficiently preparing a defense.  Defendants argue that this basic information is vital to provide defendants with adequate notice of plaintiffs' claims against them and to allow defendants an opportunity to respond meaningfully to those claims.  Second, the failure to provide a time frame for each alleged Injured Worker Plaintiff's and decedent's alleged exposure and resulting dates of diagnosis for their alleged injuries and illnesses and the failure to provide all of

the decedents' dates of death, impermissibly allows plaintiffs to escape the burden-shifting rule for prescription established by Louisiana law, as defendants are unable to determine whether plaintiffs' claims are prescribed on the face of the petitions. Defendants thus move for a more definite statement with regard to these claims under Rule 12(e). Finally, the time period during which each alleged Injured Worker Plaintiff's or decedent's alleged exposure and resulting injuries and illnesses occurred, the dates of diagnosis, and the dates of the decedents' deaths will govern the law that is applicable to determine the validity of that plaintiff's claims against defendants. The omission of this information prejudices and impedes defendants' ability to assert defenses to any particular plaintiff's claim.

Defendants ask the Court to order plaintiffs to amend their petitions, under Federal Rule of Civil Procedure 12(e), to provide the following information:

> (1) the facility or location at which each purported Injured Worker Plaintiff and decedent was employed when he was allegedly exposed to TENORM "and other hazardous, toxic, and carcinogenic materials," including (a) the identity of each Injured Worker Plaintiff's and decedent's employer while working at each facility or location; (b) the identity of the owner and/or operator of each facility or location; and (c) the identity of the facility(s) or location(s) which is alleged to have been one to which each defendant sent any materials;
> (2) the specific time period(s) during which each purported Injured Worker Plaintiff and decedent alleges that he was exposed to TENORM "and other hazardous, toxic, and carcinogenic materials";
> (3) the specific nature of each purported Injured Worker Plaintiff's and decedent's complained-of injury, illness, disease, disability, or other condition(s) or damages that allegedly resulted from exposure to TENORM "and other hazardous, toxic, and carcinogenic materials" and for which plaintiffs assert they are entitled to damages in this lawsuit;
> (4) the date(s) on which the purported Injured Worker Plaintiffs and decedents discovered any such injury, illness, disease, disability, or other condition or damages, and/or on which each purported Injured Worker Plaintiff and decedent were diagnosed with any such injury, illness, disease, disability, or other condition;
> (5) the dates on which the following decedents died and their alleged causes of death: Earl Bradley, Sr.; Howard Wayne Pontiff; Pierre Miller, Sr.; Alcide Above; Kenneth Soape, Sr.; John Smith, Sr.; Norbert Gregory; Herman Smith; Louis Thomas, Sr.; and

>Ruben Davis, Sr.;
>(6) the identity of any specific contracts between each defendant and the purported Injured Worker Plaintiffs or decedents; and
>(7) the Wrongful Death and Survival Plaintiffs' authority and qualifications to sue on behalf of the named decedents; and
>(8) each plaintiff's entitlement to punitive damages.

### B.     Defendant Packard Terminals

Defendant Packard adopts the arguments of the oil companies.  Packard notes that it is a pipeyard only, not an oil company, so it is unclear whether the allegations of fraud and conspiracy pertain to it.  Packard also contends that it was Coleman's employer and is thus entitled under Louisiana law to immunity from tort actions except for a narrow exception for intentional acts.  Packard argues that plaintiffs must thus allege and prove that it committed an intentional act.

Packard also notes that the Louisiana Punitive Action Statute was in effect only from 1984 through 1996.  Coleman worked for Packard from 2001 through 2004.  Packard thus argues that plaintiffs must clarify their allegations with regard to Coleman's dates of exposure so Packard can determine if the punitive-action statute even applies here.

### C.     Plaintiffs' Opposition

Citing approximately 20 paragraphs from their amended petitions, plaintiffs contend that they have sufficiently pleaded fraud and conspiracy.  Plaintiffs note that they have alleged that the conspiracy and fraudulent misrepresentations were made by defendants and the oil industry to avoid clean-up costs and effectively reap greater profits at the expense of proper business practices.  Plaintiff contend that they allege fraud by silence, *i.e.*, defendants failed to disclose what they knew about TENORM.  Citing case law, plaintiffs note that the pleading standard is relaxed with regard to fraud by silence because it does not involve an affirmative misrepresentation.  Plaintiffs note that they allege the dangers of TENORM that were withheld, the specific dates of defendants' meetings

to address the information, the employment and working relationship that gave rise to defendants' duty to disclose what they knew about TENORM, and what defendants gained by withholding the information.

Plaintiffs argue that their claims for punitive damages provide the necessary specificity, and defendants can obtain information with regard to plaintiffs' dates of employment through discovery. Plaintiffs note that they have already responded to discovery propounded by defendant Chevron that relates to much of the information that defendants seek.

With regard to Packard, plaintiffs note that they specifically allege that Packard is liable to them for intentionally failing to provide plaintiffs with proper respiratory devices and protective clothing.

### D.  Defendant Packard's Reply

Packard contends that plaintiffs can not simply rely on the discovery process.  Citing case law from the Supreme Court, Packard notes that the reason for a more definite statement is to avoid the potentially enormous expense of discovery.  Packard argues that plaintiffs' allegations of fraud and conspiracy are vague because plaintiffs generally assert the allegations against "the oil company defendants" but sometimes also against "defendants" in general.

Packard asserts that its only involvement here is as Coleman's employer.  Plaintiffs' amended complaints that add new plaintiffs are thus vague because Packard contends that it can not be the employer of all of the new plaintiffs. With regard to Chevron's discovery, Packard alleges that plaintiffs only partially responded to the requests and do not allow Packard to identify any relationship with the other plaintiffs.

Packard notes that plaintiffs allege that it violated radiation regulations and failed to provide

plaintiffs with proper protective equipment. Packard contends that under Louisiana law, such allegations do not rise to the level of plausible intentional misconduct. Citing a litany of cases, Packard contends that Louisiana courts do not hold employers liable under the intentional-act exception for non-compliance with OSHA safety standards and inadequate protective equipment.

### E. Certain Defendants' Reply

Distinguishing the case law on which plaintiffs rely as lawsuits in which only one or two plaintiffs participated, defendants note that here, there are multiple unrelated plaintiffs and multiple unrelated defendants. Discovery is thus more onerous than in a lawsuit in which only one or two plaintiffs are involved. Defendants note that with regard to the majority of plaintiffs, the only information provided is the names, the parish in which the plaintiff lives, and, if asserting a claim on behalf of a decedent, the decedent's name. Defendants contend that plaintiffs have failed to provide sufficient information for defendants to determine whether prescriptive or affirmative defenses are applicable.

With regard to the fraud and conspiracy claims, defendants argue that general allegations are insufficient to meet plaintiffs' burden under Rule 9. Defendants contend that plaintiffs allege only that defendants collectively engaged in fraud and have failed to plead specific instances for each defendant. Defendants maintain that plaintiffs must identify facts to show the specific fraudulent omissions of each defendant, the basis for the duty owed by each defendant to plaintiffs and the time or place of the omissions of each defendant.

## III. Law and Analysis

Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that

a party cannot reasonably be required to frame a responsive pleading . . . ." The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Advanced Commc'ns Techns., Inc. v. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986)).

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part, "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required.

The Rule 12(e) motion is disfavored, in that "in view of the great liberality of Rule 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *see generally* 5A C. Wright and A. Miller, Federal Practice and Procedure § 1377 (2nd ed.1990).

The availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement. Such a motion is inappropriate when the information sought can otherwise be obtained by discovery. *Gibson v. Deep Delta Contractors, Inc.*, No. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). When a defendant needs additional information to

prepare for trial, discovery is the proper procedure instead of a Rule 12(e) motion.  *Fed. Deposit Ins. Corp. v. Fid. & Deposit Co. of Md.*, 118 F.R.D. 435, 437 (M.D. La.1988); *see also Fleming v. Transocean Offshore USA Inc.*, No. 04-2740, 2004 WL 2984325, at *2 (E.D. La. Dec. 14, 2004); *Perrilloux v. BP Oil Co./Amoco*, No. Civ. A. 01-813, 2002 WL 746349, at *2 (E.D. La. Apr. 25, 2002).  This motion is further disfavored when "the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion."  *Concepcion v. Bomar Holdings, Inc.*, No. 89 CIV. 1676, 1990 WL 13257, at *2 (S.D.N.Y. 1990); *see also* 2 J. Moore, Moore's Federal Practice, § 12.36[3] (3d ed.) ("the motion is even less well received when the movant simply seeks particularization of facts already known to it").

Courts have granted motions for more definite statement where fundamental facts are omitted from a claim.  *See, e.g., Int'l Harvester Co. v. Gen. Ins. Co.*, 45 F.R.D. 4, 6 (E.D. Wis. 1968) (regarding claim for conversion of property, plaintiffs must identify all of allegedly converted property and supply dates upon which the alleged conversions took place; defendants are entitled to know this information before responding to complaint so they can determine whether certain defenses are available to them).  But with regard to a request for more definite statement of dates, courts have shown a willingness to allow amendment if the date is definite, but have been less willing to allow amendment when dates are somewhat uncertain or when the events take place over a period of time.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004); *see, e.g., Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917-18 (M.D.N.C. 2005) ("Most of the information Bayer requests, such as more information about symptoms, injuries, and Minor Child Doe's vaccination history, is somewhat indefinite and complicated, and is inappropriate to request at the pleading stage."); *Oresman v. G.D. Searle & Co.*, 321 F. Supp. 449, 458 (D.R.I.

1971) (granting motion for a more definite statement as to the date of a stroke, but denying it as to the dates of purchase of birth control pills, consumption of the pills, or onset of symptoms prior to the stroke); *compare Int'l Harvester Co. v. Gen. Ins. Co.*, 45 F.R.D. 4, 7 (D. Wis. 1968) (granting motion for a more definite statement of dates when "each transaction took place at a fixed time") *with Geir v. Educ. Serv. Unit No. 16*, 144 F.R.D. 680, 685-86 (D. Neb. 1992) (denying request for specific dates of each alleged instance of abuse and dates school officials became aware of abuse because such matters were more properly left for discovery); *Porter v. Reynolds*, 6 F.R.D. 536, 539 (N.D.N.Y. 1947) (denying request for date of each sales transaction in a claim under the Emergency Price Control Act as unnecessary and more properly a matter for discovery).

Courts take both sides in this type of dispute. *See, e.g., Brasel v. Weyerhaeuser Co.*, No. 4:07-CV-4037, 2008 WL 693805 (W.D. Ark. Mar. 12, 2008) (denying motion for more definite statement when sought-after information, including dates of alleged exposures, can be determined through discovery and is available to defendant); *Slinski v. CSX Transp.*, No. 07-CV-10270, 2007 WL 1377931 (E.D. Mich. May 8, 2007) (granting motion for more definite statement and ordering plaintiff to amend complaint to include time frame during which decedent was exposed, the types of exposure and the type of alleged injury); *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290 (N.D. Ga. 2005) (same); *In re Asbestos Litig.*, 679 F. Supp. 1096 (S.D. Fla. 1987) (denying motion for more definite statement that asked court to order plaintiffs to amend complaint to allege when they became aware of contracting asbestosis).

Here, the problem is that after the second amended petition, plaintiffs simply filed further petitions to add plaintiffs but not to add facts to support those plaintiffs' claims. The Court is thus inclined to agree with the *Slinski* and *Parker* courts and require plaintiffs to provide a more definite

statements of their claims to defendants.  While the Court recognizes that much of the information that defendants seek is available through discovery, the case law on which plaintiffs rely is distinguishable.  In the cases on which they rely, only one or two plaintiffs exist, and discovery is not a burdensome process.  Here, however, there are approximately 100 plaintiffs.  In addition, there are multiple unrelated defendants, and plaintiffs, for example, fail to allege for which defendant each plaintiff worked.  Thus, each unrelated defendant can not discern what claims bear against it.  The Court thus grants the motions in part.  In light of the listing outlined by defendants above, plaintiffs shall amend their complaint to respond to numbers (1) through (8) within 30 days of the date of this Order.

The Court denies the motions with regard to the fraud and conspiracy allegations.  The Court has carefully reviewed the allegations in plaintiffs' complaint that address fraud and conspiracy.  Plaintiffs adequately set forth allegations of an alleged conspiracy to commit fraud by the Oil Company Defendants, and defendants have ample allegations to which to frame a response.  However, and with regard to Packard, plaintiffs shall clarify whether they assert these allegations against all defendants or only the Oil Company Defendants.

The Court also denies Packard's motion in part with regard to the intentional-act exception.  The Court finds that plaintiffs have adequately pleaded the alleged intentional acts on which they rely to support their claims against Packard, and, should Packard find the claims meritless, a motion to dismiss is the more appropriate vehicle by which to challenge the merits of the claims.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Certain Defendants' Motion for More Definite Statement Pursuant

to Rule 12(e) [Doc. #28] and the Motion for More Definite Statement Pursuant to Rule 12(e) [Doc. #37] are GRANTED IN PART as outlined above.

New Orleans, Louisiana, this 3rd day of April, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**