## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVI COLEMAN, et al.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No. 11-2937** |
| | |
| **H.C. PRICE CO., et al.,** | **SECTION "E"** |
| **Defendants** | |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by plaintiffs.[1]  Plaintiffs ask the Court to reconsider its ruling of September 26, 2012 (the "September 26 Ruling")[2] and subsequent Order of October 2, 2012 (the "October 2 Order")[3] (collectively, the "Orders").[4] For the reasons set forth below, plaintiffs' motion for reconsideration is denied.

In the Orders, the Court granted motions to dismiss filed by defendant Packard Pipe

---

[1] R. Doc. 138.  Several defendants filed oppositions to plaintiffs' motion for reconsideration.  *See* R. Doc. 144; R. Doc. 145; R. Doc. 147.  Plaintiffs also filed a reply in further support of their motion for reconsideration.  R. Doc. 152.

[2] *See* R. Doc. 114 (Minute entry from September 26, 2012 oral argument); *see also* R. Doc. 143 (Transcript from September 26, 2012 oral argument).

[3] R. Doc. 116.

[4] In their motion for reconsideration, plaintiffs seek reconsideration only of the October 2 Order. However, on September 26, 2012, the Court ruled from the bench that, for those plaintiffs whose exposure occurred entirely before 1986 (Lionel Adams, James Kirby, and Kenneth Soape, Sr.), the Louisiana Civil Code article 2315.1 survival claims brought on their behalves were perempted.  The Court also ruled that these plaintiffs had not alleged a cause of action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*  Even if a cause of action under CERCLA had been pled, however, or such pleading was not required, the result would be the same. *See infra* discussion in Section II.

For the most part, the October 2 Order was a restatement and clarification of the September 26 Ruling, with additional rulings on issues decided by the Court following oral argument.  In the September 26 Ruling, the Court granted the motions to dismiss in part and denied them in part, but refrained from deciding whether the post-1986 version of article 2315.1 provides a peremptive or prescriptive period.   In the October 2 Order, having determined that article 2315.1 provides a peremptive period post-1986, the Court granted most of the motions to dismiss in full.  Accordingly, while plaintiffs' motion for reconsideration refers only to the October 2 Order, the Court treats the pleading as a motion for reconsideration of both the September 26 Ruling and the October 2 Order.

Terminals ("Packard");[5] defendants SWEPI, LP, Shell Offshore, Inc., and Shell Oil Co. (the "Shell Defendants");[6] defendants Exxon Mobil Corp. and Superior Oil Co. (the "Exxon Defendants");[7] defendants Atlantic Richfield Co. and BP Products North America, Inc. (the "Atlantic Defendants");[8] defendants Chevron U.S.A., Inc. and Union Oil Co. of California (the "Chevron Defendants");[9] and defendant OFS, Inc. ("OFS").[10] Specifically, the Orders dismissed certain survival claims brought by plaintiffs on behalf of deceased oil industry workers pursuant to Louisiana Civil Code article 2315.1.[11]  The Court found that both the pre- and post-1986 versions of article 2315.1 survival actions are subject to a one year

---

[5] R. Doc. 84.

[6] R. Doc. 91.

[7] R. Doc. 92.

[8] R. Doc. 93.

[9] R. Doc. 94.

[10] R. Doc. 95.

[11]  In opposition to the motions to dismiss, plaintiffs argued that a 1986 amendment to article 2315.1 changed the article from providing a peremptive period to providing a prescriptive period, and that, for those workers whose "significant causative exposure" was post-1986, the prescriptive period had been interrupted and/or suspended. Plaintiffs also argued that, even if article 2315.1 provides a peremptive period, that period had been interrupted and/or suspended.  The Court was not persuaded by these arguments. Accordingly, the following survival claims were dismissed: (1) the survival claims asserted by Margaret Adams, Sonja Adams Magee, Catina Adams, Laymond Adams, and Reynard Adams, on behalf of Lionel Adams; (2) the survival claims asserted by Carol Kirby, Gary Kirby, Glen Kirby, and Bertha Edge, on behalf of James Kirby; (3) the survival claims asserted by Barbara Soape, Kenneth Soape, Jr., April Starr Soape, and Chursa Soape, on behalf of Kenneth Soape, Sr; (4) the survival claims asserted by Robert Austin, Ashley Austin, and Tara Austin Lopez, on behalf of Ricky Austin; (5) the survival claims asserted by Terrel Smith, John Smith, Jr., Gary Smith, Gregory Smith, and Rhonda McHenry, on behalf of John Smith, Sr.; (6) the survival claims asserted by Odelia Thomas, Louis Thomas, Jr., and TeShilonne Thomas, on behalf of Louis Thomas, Sr.; (7) the survival claims asserted by Virginia Percle and Vianna Percle, on behalf of Norbert Gregory; (8) the survival claims asserted by Charlene Smith, Annie Smith, Ashanti Smith, and Dexter Smith, on behalf of Herman Smith; (9) the survival claims asserted by Dorothy Bradley, Melvin Bradley, Wyatt Bradley, Earl Bradley, Jr., Glenn Bradley, Alfrieda Bradley, Earlie Bradley, Tammy Bradley, Mallere Bradley, Alex Saunder Bradley, and April Bradley, on behalf of Earl Bradley, Sr.; (10) the survival claims asserted by Mary Miller, Pierre Miller, Jr., and Amanda Miller, on behalf of Pierre Miller, Sr.; and (11) the survival claims asserted by Celest Pontiff and Mickey Howard, on behalf of Howard Pontiff.

peremptive period that cannot be interrupted or suspended, which peremptive period begins to run at the time of the worker's death.  Because the survival claims asserted on behalf of Lionel Adams; James Kirby; Kenneth Soape, Sr.; Ricky Austin; John Smith, Sr.; Louis Thomas, Sr.; Norbert Gregory, Herman Smith; Earl Bradley, Sr.; Pierre Miller, Sr.; and Howard Pontiff were brought more than one year after the worker's date of death, the Court found that those survival claims were perempted, and dismissed them accordingly.

In their motion for reconsideration, plaintiffs once again argue that the post-1986 version of article 2315.1 provides a prescriptive period rather than a peremptive period, and, in the alternative, that CERCLA preempts the limitations period provided by article 2315.1, regardless of whether the article provides a prescriptive or peremptive period.

## ANALYSIS

### I.    Applicable Law

A motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at * 3–4 (E.D. La. Apr. 5, 2010) (Vance, J.) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."); *see also Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 5, 2008) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).  A Rule 59(e) motion calls into question the correctness of a judgment.  *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest

error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). In deciding motions under Rule 59(e), courts in this district consider the following four factors:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4.

"A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008) (Lemmon, J.). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007) (Barbier, J.). Reconsideration of an earlier order is an extraordinary remedy that should be granted sparingly. *Id.*

## II. CERCLA

Because plaintiffs' preemption argument is that CERCLA, a federal law, preempts article 2315.1, a state law, the Court just will address plaintiffs' motion for reconsideration with respect to CERCLA preemption. In the September 26 Ruling, the Court ruled that plaintiffs Adams, Kirby, and Soape did not allege a cause of action under CERCLA, and that, as a result, the Court did not need to consider whether CERCLA preempted state law on

prescription or peremption. This was incorrect, as the absence of an underlying CERCLA claim does not preclude application of the federal discovery rule and its preemptive effect. *See Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008). But, as explained below, the federal discovery rule preempts only state prescriptive periods, so whether or not plaintiffs properly alleged a cause of action under CERCLA makes no difference in this case.

Plaintiffs appear to agree that they have not alleged a cause of action under CERCLA, but argue in their motion for reconsideration that they do not have to allege a cause of action under CERCLA to enjoy the federal statute's preemptive effect on both state prescriptive and peremptive periods. For support, they rely on *O'Connor v. Boeing N. American, Inc.*, 311 F.3d 1139, 1148-49 (9th Cir. 2002) and *Kowalski v. Goodyear Tire & Rubber Co.*, 841 F. Supp. 104, 108 (W.D.N.Y. 1994). Plaintiffs are correct that a plaintiff does not have to have a CERCLA claim pending to invoke the preemptive effect of CERCLA, because the preemptive effect is available "where the conditions for CERCLA cleanup are satisfied."[12] *See Barnes*, 534 F.3d at 365. Plaintiffs also are correct that CERCLA preempts state law prescriptive periods under certain circumstances. *See* 42 U.S.C. § 9658; *see also Barnes*, 534 F.3d at 362 ("Section 9658 is a tolling provision that applies to some state-law tort actions stemming from exposure to hazardous substances. Where applicable, § 9658 prevents a state limitations period from commencing until a plaintiff knows or should know

---

[12] The Court reiterates that plaintiffs have not provided the Court with any evidence indicating that CERCLA cleanup conditions are met in this case, and plaintiffs' belated attempt to argue that those conditions are met is inappropriate at this stage in the proceedings. *See Schiller*, 342 F.3d at 567. The Court need not address this issue any further, however, because even if the conditions for CERCLA cleanup are satisfied in this case, CERCLA does not preempt article 2315.1's peremptive period.

of both her injury and its cause.") Plaintiffs are not correct, however, in their assertion that CERCLA preempts the peremptive period provided in article 2315.1. The Fifth Circuit has explicitly held that CERCLA does not preempt state peremptive periods.[13] *See Burlington Northern & Sante Fe Ry. Co. v. Poole Chem. Co., Inc.*, 419 F.3d 355, 362-64 (5th Cir. 2005) ("the reach of the plain language of § 9658 does not extend to statutes of repose").

The Fifth Circuit in *Barnes* and *Burlington* analyzed the legislative history of § 9658 to determine Congress' intent with respect to the scope of the section's preemptive effect. *Barnes*, 534 F.3d at 362-63; *Burlington*, 419 F.3d at 361-65. In both opinions, the court found that Congress intended for the preemptive scope of the section, which was enacted after the initial passage of CERCLA, to be limited to prescription statues, known in states other than Louisiana as statutes of limitation. *Barnes*, 534 F.3d at 364; *Burlington*, 419 F.3d at 362. The *Burlington* court explained that its narrow reading of § 9658 comports with Congress' intent to remedy the fact that many state statutes of limitations are not written to deal with the delayed discovery of a release of a toxic substance, and Congress' concern that, under many state systems, a plaintiff suffering from a long latency disease could be barred from bringing his suit because the prescriptive period would start to run at the time of the first injury and not at the time of the discovery of the cause of that injury. 419 F.3d at 364 (citing H.R. REP. NO. 99-962, 2d Sess. 262, *reprinted in* 1986 U.S.C.C.A.N. 3276, 3354). Section 9658 was thus created to preempt those prescriptive periods to allow such a plaintiff to be able to bring his claim without risk of losing his cause of action simply

---

[13] Plaintiffs cite to authority outside of the Fifth Circuit to support their argument that Congress intended for CERCLA to preempt both prescriptive periods and peremptive periods, and argue that the *Burlington* decision is "unsound." However, this Court is bound by the Fifth Circuit's decision in *Burlington*, and plaintiffs' motion for reconsideration is not the appropriate vehicle for plaintiffs' quarrel with the Fifth Circuit's reasoning or holding.

because of the nature of his disease.[14]  *Id.*

Furthermore, the *Burlington* court also found that it was bound by the plain language of § 9658, which refers only to statutes of limitations/prescriptive periods, and, absent a finding of express congressional intent to the contrary, held that Congress did not intend for CERCLA to preempt peremptive periods.[15]  *Id.* (citing *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982)).  The court explained that the "differences between statutes of limitations and statutes of repose are substantive, not merely semantic," and found that Congress' failure to include statute of repose language in § 9658 was a strong indication that Congress did not intend for the section to preempt state peremptive periods. *Id.* at 362.

Finally, the *Barnes* court also considered *Kowalski* and *O'Connor* - both of which held that CERCLA preempts both prescriptive and peremptive periods - and found the reasoning in those opinions to be flawed, and that those courts' application of § 9658 to peremptive periods was inappropriate.[16]  *Barnes*, 534 F.3d at 362 n.3, 363.  This Court is

---

[14] Unlike a prescriptive period, which establishes a time period in which a plaintiff has a right to sue, which period can be interrupted and/or suspended under certain circumstances, a peremptive period establishes a "right not to be sued" after a certain period of time elapses, and this period cannot be interrupted or suspended.  *Burlington*, 419 F.3d at 363; *see also Borel v. Young*, 07-419 (La. 11/27/07); 989 So.2d 42, 49 ("Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period.")  The *Burlington* court was persuaded that Congress intended for CERCLA to preempt only state prescriptive periods, and not to extend to state peremptive periods.  *Id.* at 364.

[15] A peremptive period is the civilian equivalent of a common law statute of repose.  *See Stanley ex rel. Estate of Hale v. Trinchard*, 579 F.3d 515, 518 n. 3 (5th Cir. 2009) ("Common law jurisdictions refer to this type of limitation as a statute of repose, while states with civil codes use the term peremptive period. . . . No legal distinction exists.") (citing *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 491 (5th Cir. 2001)).

[16] While the Ninth Circuit in *O'Connor* and the Western District of New York in *Kowalski* interpreted § 9658 broadly, courts in other circuits have taken the same narrow approach as the Fifth Circuit.  *See, e.g. Covalt v. Carey Canada, Inc.*, 860 F.2d 1434, 1437–38 (7th Cir. 1988); *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866–68 (4th Cir. 1989).

bound by the Fifth Circuit's opinions in *Barnes* and *Burlington* interpreting § 9658. In accordance with the decisions in *Barnes* and *Burlington*, any preemptive effect CERCLA may have on prescriptive periods is not relevant in this case because article 2315.1 provides a peremptive period.

Plaintiffs have not provided any new evidence, directed the Court to any change in the law, or otherwise showed the Court any reason its Orders were manifestly erroneous on this issue. Binding Fifth Circuit precedent instructs that CERCLA does not preempt article 2315.1's peremptive period. This is true whether or not a cause of action under CERCLA has been properly alleged. Thus, plaintiffs' motion for reconsideration of this issue is denied.

### III.   Article 2315.1

Plaintiffs' motion for reconsideration of the article 2315.1 prescription/preemption issue rehashes the arguments presented to the Court in briefing and at oral argument. Plaintiffs distinguish the facts of the cases cited by the Court,[17] and point out that other judges in this district and in the Louisiana state courts have found that article 2315.1 provides a prescriptive period.[18] The Court recognizes that some other courts have resolved this issue differently, which is why the Court designated and certified the October 2 Order as an appealable partial final judgment under Federal Rule of Civil Procedure 54(b). The Court also cited Judge Engelhardt's and Judge Parro's decisions for their reasoning and discussion of the effect, if any, of the 1986 amendment to article 2315.1 - not for those decisions' ultimate conclusions. Plaintiffs' motion for reconsideration provides

---

[17] *See Aucoin v. Exxon Mobil Corp.*, Civil Action No. 09-3690, R. Doc. 279 (Engelhardt, J.) and *Barber v. Employers Ins. Co. of Wausau*, 11-357 (La. App. 1 Cir. 6/28/12); 97 So.3d 454 (Parro, J.).

[18] *See e.g. Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 845-46 (E.D. La. 2011); *White v. Entergy Gulf States, Inc.*, 03-2074 (La. App. 4 Cir. 6/16/04); 878 So.2d 786.

8

no reason for the Court to change its conclusion on this issue.  Both the pre- and post-1986 versions of article 2315.1 provide a one-year peremptive period, which period cannot be suspended or interrupted.  As a result, the dismissal of those survival claims brought on behalf of workers who died more than one year prior to the institution of this lawsuit was proper.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that plaintiffs' motion for reconsideration be and hereby is **DENIED.**

**New Orleans, Louisiana, this  4th   day of January, 2013.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**