UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVI COLEMAN, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-2937 |
| H.C. PRICE CO., ET AL. | SECTION "E" (3) |

REPORT AND RECOMMENDATION

On July 17, 2013, the Motion for Leave to File Restated and Superseding Complaint [Doc. #266][1] came on for oral hearing before the undersigned.

Present were:    Robert McMillin
Stanley Millan
Gavin Guillot
Shannon Shelton
Chad Mollere
Sarah Casey
Thomas Rayer
Etienne Lapeyre
Elizabeth Wheeler
Richard Pabst
Mark Best
Sarah Dicharry
Etienne Balart
Timothy Rothberg
John Ben

After the oral hearing, the Court took the motion under advisement. Having reviewed the motion,

---

[1] The District Court referred this motion to the undersigned under 28 U.S.C. § 636(c). [Doc. #274].

the oppositions and the case law, the Court rules as follows.

**I.     Background**

In this personal injury suit, plaintiffs purport to bring claims either on their own behalf, as Injured Workers, or on behalf of deceased victims, as Wrongful Death and Survival Claimants. Plaintiffs have supplemented and amended their original Petition for Damages ("original Petition"), by filing a First Amended Petition for Damages ("First Petition"), a Second Amended Petition for Damages ("Second Petition"), a Third Amended Petition for Damages ("Third Petition"), a Fourth Amended Petition for Damages ("Fourth Petition"), a Fifth Amended Petition for Damages ("Fifth Petition"), a Sixth Amended Petition for Damages ("Sixth Petition"), and a Seventh Amended Petition for Damages ("Seventh Petition"). Plaintiffs allege that the Injured Worker Plaintiffs and the decedents were exposed to TENORM (also known as NORM and/or TERM) "and other hazardous, toxic, and carcinogenic materials" in used oilfield tubing and equipment, and purport to assert claims against "Pipe Yard Defendants," "Contractor Defendants," and "Oil Company Defendants."

In the original Petition, the survivors of Levi Coleman, Sr. allege that Coleman contracted brain metastatic disease and colon cancer as a result of exposure to TENORM "and other hazardous, toxic, and carcinogenic materials" in used oil company tubing and equipment while employed by H.C. Price Company and Bredero Price Company from approximately 1970 to 2000 and Packard Pipe Terminals, Inc. ("Packard") from approximately 2001 to 2004. Further, plaintiffs allege that the exposure was a cause and/or a substantial contributing factor in the development of Coleman's diseases, thus entitling plaintiffs to wrongful death and survival damages, among others. Defendants filed exceptions to plaintiffs' original petition while in state court, which were heard on December

1, 2006. On February 26, 2007, the state court issued a written Judgment and Reasons for Judgment that maintained certain exceptions, denied others and granted plaintiffs leave of court to amend the petition within 30 days to cure the deficiencies in the original petition, if able. These deficiencies included vagueness as to negligence per se, open-ended allegations such as "failed to do what it should have done," "any other right or cause of action provided under Louisiana law," and "any other damages available under Louisiana law"; and no cause of action under the vicinage articles, under Article 2317 of the Louisiana Civil Code, as to breach of contract, as to breach of warranty, and as to negligence per se. Thereafter, plaintiffs filed their First and Second Petitions to correct certain deficiencies by deleting the phrases "failed to do what it should have done" and "any other right or cause of action provided under Louisiana law."

In response, defendants filed exceptions to plaintiffs' First Petition while in state court, which were heard on August 31, 2007. On September 19, 2008, the state court issued a written Judgment that maintained certain of these exceptions, denied others and granted plaintiffs leave of court, again, to amend the petition within 30 days to attempt to cure the deficiencies in the original petition, if able. Defendants contend that plaintiffs failed to cure these deficiencies with their Second through Seventh Amended Petitions.

Plaintiffs' Third Amended Petition added 18 new "Injured Worker Plaintiffs" and 19 new "Wrongful Death and Survival Plaintiffs" to the lawsuit. Certain plaintiffs sought compensation for wrongful death and survival damages for the first time in this lawsuit. The Third Petition contains no other factual allegations as to the newly-added plaintiffs.

Plaintiffs' Fourth Petition added seven new "Injured Worker Plaintiffs" and 29 new "Wrongful Death and Survival Plaintiffs" to this lawsuit. Again, as in the Third Petition, certain

plaintiffs sought compensation for wrongful death and survival damages for the first time in this lawsuit. The Fourth Petition contained no other factual allegations as to these Plaintiffs.

Similarly, plaintiffs' Fifth Petition added four new "Wrongful Death and Survival Plaintiffs" asserting claims on behalf of one decedent, Charlie Muckleroy, who was a previously named Injured Worker Plaintiff. The survivors of Charlie Muckleroy allege that Muckleroy died on April 13, 2010 from "complications from liver and colon cancer" as a result of his occupational exposure to "TENORM and other hazardous, toxic, and carcinogenic materials." The Fifth Petition contained no other factual allegations as to these plaintiffs and/or the decedent.

Finally, plaintiffs' Seventh Petition added 22 new "Wrongful Death and Survival Plaintiffs" on behalf of certain decedents. In this amendment, plaintiffs provided the dates and alleged causes of death for the following decedents: Ricky A. Austin, Dominic Buras, Daniel Griffin, Andrew Jackson, Sr., James R. Kirby, Charles Lookhoff, and Bowsley Quebedeaux. However, the Seventh Petition contained no other factual allegations as to these decedents.

On May 29, 2013, the District Court ordered plaintiffs to move for leave to file a restated and superseding complaint. In that order, the District Court outlined the exact information that each plaintiff was to allege as to him or her:

> (1) the facility or location at which each purported Injured Worker Plaintiff and decedent was employed when he was allegedly exposed to TENORM "and other hazardous, toxic, and carcinogenic materials", including (a) the identity of each Injured Worker Plaintiff's and decedent's employer while working at each facility or location; (b) the identity of the owner and/or operator of each facility or location; and (c) the identity of the facility(s) or location(s) which is alleged to have been one to which each defendant sent any materials;
> (2) the specific time period(s) during which each purported Injured Worker Plaintiff and decedent alleges that he was exposed to TENORM "and other hazardous, toxic, and carcinogenic materials";
> (3) the specific nature of each purported Injured Worker Plaintiff's and decedent's complained-of injury, illness, disease, disability, or other condition(s) or damages

that allegedly resulted from exposure to TENORM "and other hazardous, toxic, and carcinogenic materials" and for which plaintiffs assert they are entitled to damages in this lawsuit;

(4) the date(s) on which the purported Injured Worker Plaintiffs and decedents discovered any such injury, illness, disease, disability, or other condition or damages, and/or on which each purported Injured Worker Plaintiff and decedent were diagnosed with any such injury, illness, disease, disability, or other condition;

(5) the dates on which the following decedents died and their alleged causes of death: Earl Bradley, Sr.; Howard Wayne Pontiff; Pierre Miller, Sr.; Alcide Above; Kenneth Soape, Sr.; John Smith, Sr.; Norbert Gregory; Herman Smith; Louis Thomas, Sr.; and Ruben Davis, Sr.;

(6) the identity of any specific contracts between each defendant and the purported Injured Worker Plaintiffs or decedents; and

(7) the Wrongful Death and Survival Plaintiffs' authority and qualifications to sue on behalf of the named decedents; and

(8) each plaintiff's entitlement to punitive damages.

## II.     The Parties' Contentions

### A.     Plaintiffs

Plaintiffs move for leave to file their restated and superseding complaint in compliance with the District Court's order.

### B.     The Shell Entities' Opposition

Shell argues that plaintiffs have still failed to identify the facilities or locations "which is alleged to have been one to which each defendant sent any materials." Shell also contends that plaintiffs fail to list the alleged causes of death for certain decedents. Shell also maintains that certain of plaintiffs fail to identify their alleged causes of action and procedural capacity to sue.

### C.     Packard's Opposition

Packard's main complaint appears to be that it is listed as a "pipeyard defendant," and when plaintiffs reference the "pipeyard defendants," they do not clarify whether they include Packard in that definition. Packard notes that plaintiffs have informed it that only two plaintiffs allege claims against it. Packard contends that the allegations are vague when plaintiffs allege claims against "all

5

named defendants" or "all defendants."

### D. McDermott's Opposition

With regard to Melvin Alexie, McDermott contends that he alleges claims against "Defendants named above," that the claims involve "wells" but fails to allege whether McDermott owned the wells or were related to his employment. McDermott also argues that Alexie fails to allege why he is entitled to punitive damages and to plead fraud with particularity. McDermott contends that it can not determine whether to file a motion to dismiss for failure to plead fraud with particularity. Alexie fails to describe the ultrahazardous activity, to identify any contract and to list each of his claims against each specific defendant.

With regard to Norbert Gregory, McDermott argues that Gregory's allegations are insufficient with respect to the survivor plaintiff's qualification to sue. McDermott contends that Gregory's claim has prescribed, as he died in 1997, and the survivor only had one year within which to file suit.

McDermott maintains that the claims of Terry Burge, Daniel Griffin, Melvin J. Landry, Charles R. Lookhof, Milton Vincent and Bowsley Quebedeaux suffer from deficiencies similar to those suffered by Alexie and Gregory.

### E. Tubo-FGS, L.L.C.'s Opposition

Tubo notes that only five plaintiffs allege a claim specifically against it. These five plaintiffs allege that it is liable for its "actions exposing this oilfield worker to TENORM and other hazardous materials from used oilfield tubulars and equipment." Tubo contends that this allegation is too vague and violative of the District Court's order. Pointing to other specific plaintiffs, Tubo lists the sections of the District Court's order with which they failed to comply. Tubo adopts all other

arguments in defendants' oppositions.

    **F.  Patterson's Opposition**

Patterson adopt the arguments raised in the oppositions of the Oil Company Defendants.

**III.  Law and Analysis**

There is no dispute here that plaintiffs have a right to amend their complaint given the District Court's Order dated May 29, 2013. The dispute here is whether plaintiff have complied with said order.

Plaintiffs have filed a 160-page complaint in which, the Court recognizes, they have substantially complied with the District Court's order. Plaintiffs readily admitted at the oral hearing that there exist deficiencies in the amended complaint and, if given more time, plaintiffs can cure said deficiencies. Accordingly, the Court RECOMMENDS that the motion be granted, but orders plaintiffs to re-file an amended complaint in which they clearly and explicitly provide the following details:

1. If they have not done so, plaintiffs shall provide the date and cause of death for each and every deceased.

2. If they have not done so, plaintiffs shall provide the qualification to sue, *i.e.*, standing, for each nominal plaintiff who sues on behalf of a deceased family member.

3. Plaintiffs shall more carefully define any class of defendants that they sue, *i.e.*, "the pipeyard defendants," "all named defendants," and "defendants," and shall clarify for each plaintiff which particular defendant(s) is included in the generic reference.

4. If they have not done so, plaintiffs shall clarify each individual's entitlement to

punitive damages.

5.  If plaintiffs have alleged fraud, they must plead it with particularity.

The foregoing list is illustrative, not exclusive. Should plaintiffs have discovered further information to support their claims, they shall include such information in the new complaint. Plaintiffs shall comply with this Order **no later than fifteen (15) days from the date of this Minute Entry**.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Leave to File Restated and Superseding Complaint [Doc. #266] be GRANTED as outlined above.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  9th  day of August, 2013.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**